**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   Case No. 09-20575

CESAR RAFAEL SEDANO-HERNANDEZ,

      Defendant.
                                                   /

**OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant pleaded guilty before this court to one count of Aggravated Identity Theft and one count of Reentry After Deportation on December 22, 2009. On April 20, 2010, the court sentenced Defendant to 24 months on the former, and to one day on the latter, which sentences were to be served consecutively. On October 12, 2010, Defendant filed a *pro se* motion seeking a reduction of sentence under the United States Sentencing Guidelines amendments that went into effect on November 1, 2010. He argues the court should now consider mental, emotional, and physical conditions, as well as age and "cultural assimilation." The Government filed a response on November 29, 2010, in which it contends that Defendant is not entitled to a sentence reduction under either Federal Rule of Criminal Procedure 35(a) or 28 U.S.C. § 2255, and observes Defendant was sentenced to a mandatory minimum sentence.

The Government generously construes Defendant's motion; as Defendant himself raises neither Rule 35(a) nor § 2255, the court need not consider those bases for relief, and in any event, they do not appear to fit the arguments Defendant advances.

The court reads Defendant's motion as simply requesting a reduced sentence under the current Guidelines pursuant to 18 U.S.C. § 3582(c)(2). However, the court cannot reduce Defendant's sentence, even if it were so inclined, for two separate reasons.

First, a court may reduce a sentence under § 3582(c)(2) only if the United States Sentencing Commission has determined that the amendment under which a defendant seeks resentencing is to be made retroactive. *United States v. Horn*, 612 F.3d 524, 527 (6th Cir. 2010) (citing *Braxton v. United States*, 500 U.S. 344, 348 (1991)); *see Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010) ("The [Sentencing Reform Act] charges the Commission both with deciding whether to amend the Guidelines, [28 U.S.C. ]§ 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." (footnote omitted)). Although Defendant does not cite to any particular amendment in his motion, he appears to be referring to Amendments 739 and 740. However, the Commission did not make these Amendments retroactive. *See* U.S.S.G. § 1B1.10(c); U.S.S.G. app. C. supp.

Moreover, the statute under which Defendant was sentenced, 18 U.S.C § 1028A(a)(1), imposes a *mandatory* consecutive 24-month sentence, *see Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1888 (2009), below which the court may not vary, and to which Defendant was sentenced. For these reasons, the court cannot grant Defendant the relief sought. Accordingly,

IT IS ORDERED that Defendant's motion to reduce sentence [Dkt. # 15] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 16, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2010, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522